IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| GREGORY L. WALLACE, | CV 15-00042-H-DLC-JTJ |
|---|---|
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| TONI BARCLAY, CCCS, INC., PA McGREELY or McGREEDY, DAVID PENTLAND, MONTANA STATE MEDICAL BOARD, and PA KOHUT, | |
| Defendants. | |

Pending before the Court is Plaintiff Gregory Wallace's Second Amended Complaint. (Doc. 8.) Mr. Wallace is a prisoner proceeding in forma pauperis so the Court must review his complaints under 28 U.S.C. §§ 1915 and 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before the complaint is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Subject to that review, the Court determined that Mr. Wallace's original complaint was so incoherent that it was impossible to determine what claims Mr.

1

Wallace was trying to present. The Court found, therefore, that the Complaint violated Rule 8 of the Federal Rules of Civil Procedure and was subject to dismissal for failure to state a claim upon which relief may be granted. (May 19, 2015 Order, Doc. 4.) As it might have been possible for Mr. Wallace to correct the defects by alleging additional facts, he was given the opportunity to file an amended complaint. He filed an Amended Complaint on June 22, 2015. (Doc. 6.)

The Court continued the screening process and determined that Mr. Wallace's factual allegations in the Amended Complaint were incoherent and difficult to decipher. The Court found that, liberally construed, Mr. Wallace attempted to raise a due process claim regarding a grievance, a denial of medical care claim, and a claim of racial discrimination. (October 14, 2015 Order, Doc. 7 at 2.) The Court found that Mr. Wallace's due process claim failed to state a claim and should be dismissed. The Court also found that Mr. Wallace's denial of medical care claims and racial discrimination claims were insufficient to state a claim. The undersigned gave Mr. Wallace another opportunity to amend these claims. (October 14, 2015 Order, Doc. 7 at 4-8.)

Mr. Wallace filed a Second Amended Complaint but failed to correct the deficiencies set forth in the Court's prior Orders. The Second Amended Complaint is incoherent and sets forth only conclusory allegations that fail to plausibly state a

claim for relief.

28 U.S.C. §§ 1915 and 1915A require a district court to dismiss a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Mr. Wallace had multiple opportunities to amend his pleadings to state a claim. The Court provided detailed explanations of the potential claims that Mr. Wallace was apparently attempting to bring. Despite these efforts, Mr. Wallace's complaints have all failed to state a claim upon which relief may be granted. Given the repeated attempts to correct the deficiencies in the complaints, the undersigned finds that Mr. Wallace's pleadings could not possibly be cured by the allegation of other facts and therefore recommends that this matter be dismissed.

The Prison Litigation Reform Act prohibits prisoners from bringing forma

3

pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated a "strike" because the Complaint fails to state a claim upon which relief may be granted.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be dismissed with prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Wallace failed to state a claim upon which relief may be granted.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Wallace may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 29th day of March, 2016.

                                        */s/ John Johnston*
                                        John Johnston
                                        United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.